No. 20,729.

ALFRED DAVID COCA *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(391 P. [2d] 462)

Decided April 20, 1964.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE McWILLIAMS delivered the opinion of the Court.

ALFRED DAVID COCA was convicted by a jury of the crime of burglary (forcibly breaking and entering a warehouse with the intent to commit larceny therein) and thereafter he was duly sentenced to a term in the State Penitentiary. By writ of error Coca now seeks reversal of this judgment and as grounds therefor contends:

1. that the evidence is insufficient to support the verdict of the jury and that the trial court should have directed a verdict of acquittal;

2. that the trial court erred in refusing to give three tendered instructions which embodied the defendant's so-called theory of the case; and

3. that the trial court erred in instructing the jury on the statutory definition of larceny, inasmuch as he was charged with the crime of burglary, but not larceny.

In our view Coca's several contentions are all without merit and we shall forthwith proceed to briefly demonstrate that error did not attach itself to his trial.

Coca's theory of the case is that one Guillen (a co-defendant who plead guilty to this burglary) broke and entered the warehouse and stole therefrom some bottled beer, which he then proceeded to secrete near—though outside—the warehouse proper; that several hours after

the burglary Coca purely by chance met Guillen on the streets of Grand Junction and that stemming from this unfortuitous contact, he, and two others, accompanied Guillen sometime after midnight to the place where the beer was hidden with the intent to drink the same.

■ The People's evidence was in sharp conflict with that of the defendant Coca. Two Grand Junction police officers testified that they both "saw" and "heard" four persons forcibly break and enter the warehouse and emerge therefrom minutes later with one or more of the four carrying bottled beer which had been stored in the warehouse proper. Upon the immediate arrest of these four persons it developed that Coca was one of the group.

The foregoing recital of evidence adduced upon trial is deemed sufficient to demonstrate that there was ample evidence to support the verdict of the jury. True, there was sharp conflict between the People's case and that of the defendant Coca, but such did no more than create a disputed issue of fact to be resolved by the jury. In such situation this Court is not at liberty to "second guess" the trier of the facts, there being competent evidence to support its determination as to the truth of the matter.

■ Coca's contention that the trial court denied him his undisputed right to an instruction based on his theory of the case is equally untenable. Instruction number 10, which was given the jury, accurately and most completely set forth Coca's theory that he had absolutely nothing to do with, nor any knowledge of, the burglary of the warehouse and that his only intent was to assist in the "disposition" of the bottled beer. The right of a defendant in a criminal proceeding to an instruction on his theory of the case does not mean that he has the right to some four different instructions, all covering the same general subject and each couched in only slightly different verbiage.

■ Nor was there any error in instructing the jury as to the statutory definition of larceny. Coca concededly was not charged with larceny, but only burglary. How-

ever, the burglary charge was to the effect that he forcibly broke and entered the warehouse "with the intent to commit larceny." This being the charge, an instruction defining larceny was quite proper to assist the jury in determining whether at the time and place of the breaking Coca possessed the requisite larcenous intent. See *Goldsberry v. People*, 149 Colo. 431, 369 P. (2d) 787.

The judgment is affirmed.

MR. JUSTICE HALL not participating.