No. 22632.

ALFRED LEE BENNETT *v.* THE PEOPLE OF THE STATE OF COLORADO.
(451 P.2d 443)

Decided March 10, 1969.

ANDREW S. ARMATAS, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, JAMES F. PAMP, Assistant, GEORGE E. DeROOS, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE McWILLIAMS delivered the opinion of the Court.

BENNETT was convicted by a jury of the crime known as larceny from the person and as a result thereof he was sentenced to a term in the state penitentiary. By this writ of error Bennett seeks reversal of the judgment and sentence thus entered. In support of his contention that the judgment and sentence should be reversed, counsel urges upon us three grounds: (1) the evidence is insufficient to support the verdict; (2) the trial court erred in refusing his tendered instruction No. 1; and (3) the

district attorney's cross-examination of Bennett was improper and prejudicial.

Our study of the record convinces us that the evidence is sufficient to support the verdict of the jury. The victim, who was the proprietor of a hot tamale wagon, testified that Bennett and a companion assaulted him and during the affray he "felt" Bennett's hand in his pocket and that after Bennett withdrew his hand from the pocket, he (the victim) was missing several one dollar bills and about $5 in change. And two other persons then testified that they witnessed the incident and that they "saw" Bennett's hand in the victim's pocket. Additionally, other witnesses testified that as Bennett was being arrested he tried to "flick" some currency and coin to a friend.

Bennett testified in his own behalf, and though admitting that he was at and around the victim's tamale stand, he denied assaulting the tamale stand operator or taking any money from the latter's person. He did concede, however, that an unidentified person had somehow "shoved him into" the victim. Also, Bennett admitted that as he was being arrested he did attempt to "give" a dollar bill to a friend. However, Bennett indicated that the money was his and that since he was about to go to jail he would have no need for the money and hence tried to give it to the friend.

It is counsel's position that the corpus delicti was not established and that accordingly the verdict of the jury should not be permitted to stand. In support thereof it is suggested that *Woods v. People*, 111 Colo. 448, 142 P.2d 386 requires a reversal of the instant conviction. Our perusal of the *Woods* case leads us to conclude that contrary to Bennett's contention the corpus delicti was clearly established and that there is evidence which is more than sufficient to support the jury's verdict.

Complaint is made concerning the refusal of the trial court to give Bennett's tendered instruction No. 1, which was a statement of his so-called theory of the

case. In this connection it should be noted that instruction No. 10 which was given the jury purported to set forth Bennett's theory of the case, and for all practical purposes is couched in about the same language as the tendered instruction. In *Coca v. People*, 154 Colo. 488, 391 P.2d 462 we stated that though a defendant is most certainly entitled to an instruction on his theory of the case, he is not entitled "to some four different instructions, all concerning the same general subject, and each couched in only slightly different verbiage." We find no error in this regard in the instant controversy. See also *Edwards v. People*, 160 Colo. 395, 418 P.2d 174.

Finally, it is urged that the district attorney's cross-examination was improper and prejudicial. As above indicated, Bennett elected to testify in his own behalf and he denied stealing from the person of the tamale stand operator, though admitting that he was somehow "pushed" into the victim's person.

On cross-examination the district attorney asked Bennett if he was employed as of the date of the alleged offense, and when, over objection Bennett stated that he was not, the district attorney then inquired as to how long he (Bennett) had been unemployed. To this latter question, Bennett, over objection, stated that he had not been employed for several years.

When the district attorney attempted to follow this up by asking where Bennett had obtained the money which was found on his person immediately after the alleged larceny, objection was again made and this time the trial court sustained the objection and the entire line of cross-examination then came to an abrupt halt.

Under the peculiar circumstances of this case we conclude that there was no error committed in connection with the district attorney's cross-examination of Bennett. In this connection it should again be noted that there was some testimony that Bennett as he was being arrested by the police tried to "flick" some currency and coin to a friend. Then on direct examination Bennett

countered with his explanation that he was merely trying to pass his money to a friend. Hence, the district attorney was entitled to at least a degree of latitude in ascertaining, or attempting to ascertain, the source of this money.

The judgment is affirmed.