Opinion by
Mr. Justice Day.
Plaintiff in error, hereinafter referred to as defendant, was convicted of second-degree murder for the fatal shooting of Glenna Piatt, and sentenced to the penitentiary for a period of sixty years to life. This judgment is beforé us for review on writ of error.
The first and decisive question presented is whether the trial court erred in refusing to allow the jury to consider a verdict of involuntary manslaughter. Proper instructions on that crime were tendered by defendant and refused by the court.
In their answer brief, the People confess error on this point. We agree and reverse the judgment.
In Read v. People, 119 Colo. 506, 205 P.2d 233 (1949), this Court said:
“There is nothing in our criminal practice more thoroughly established or definitely settled than the principle that when there- is any evidence, however improbable, unreasonable or slight, which tends to reduce the. homicide to the grade of manslaughter, the defendant is entitled to an instruction thereon upon the hypothesis that the same is true, and that it is for the jury, under proper instructions, and not the trial judge, to weigh and consider the evidence and determine therefrom what grade of crime, if any, was committed; and that the court’s refusal to instruct thereon is reversible error.” Id. (Emphasis added.) (Citing 13 cases from Smith v. People, 1 Colo. 121 (1869) to Baker v. People, 114 Colo. 50, 160 P.2d 983 (1945).
After a careful review of the record, we conclude that there is evidence from which a jury might infer that the defendant caused Mrs. Piatt’s déath “without any intent so to do” while performing “a lawful act which probably might produce such a consequence, in an- un *559 lawful manner.” C.R.S. 1963, 40-2-7.
“It should be borne in mind that the distinguishing features between murder and manslaughter are the ingredients of malice and deliberation. * * * in the absence of proof of malice, the killing of a human being is manslaughter.” Baker v. People, supra.
In this case, the defendant testified that the shooting was accidental and that he did not intend to injure or kill Glenna Piatt at the time of the fatal shooting. See Payne v. People, 110 Colo. 236, 132 P.2d 441 (1942); Huffman v. People, 96 Colo. 80, 39 P.2d 788 (1934); Crawford v. People, 12 Colo. 290, 20 P. 769 (1889). Thus,
“* * * Whether there was malice * * * [is a question] of fact for the determination of the jury from the evidence under appropriate instructions.” Baker v. People, supra.
Other witnesses testified they could not see what transpired between the defendant and the deceased. Their testimony could be reconciled with and viewed as not contradictory to defendant’s version of what took place.
Our disposition makes unnecessary a discussion of defendant’s other assignments of error in connection with jury selection and alleged failure of the bailiff to keep the jury sequestered during the trial as they are unlikely to occur in the same way during the new trial.
Judgment reversed and cause remanded for a new trial.
Mr. Justice Hodges, Mr. Justice Groves and Mr. Justice Lee concur.