## No. 25636

## The People of the State of Colorado v. Daniel Napoleon Griego
(517 P.2d 460)

Decided December 31, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

Defendant was convicted by a jury of burglary and seeks

reversal here on the sole ground that the trial court erred in refusing to give his tendered Instruction No. 3. The tendered instruction reads as follows:

"An accessory after the fact is the person who after full knowledge that a crime has been committed, conceals it, or harbors or protects the person charged with or found guilty of the crime."

The evidence presented at trial established that on June 24, 1971, two men broke into the Alamosa Liquor Store in Alamosa and made off with eight bottles of liquor. Defendant and another man were apprehended shortly after the burglary while riding in a car that matched the description of the get-away car. A search of the area near the liquor store disclosed eight bottles of liquor in a field, and defendant's fingerprints were found on several of these bottles. There was no evidence presented at trial by the People which suggested that more than two people were involved in the burglary. Defendant chose not to present any evidence on his own behalf.

We have consistently held that a defendant is entitled to an instruction on his theory of the case. *Zarate v. People,* 163 Colo. 205, 429 P.2d 309 (1967); *Wertz v. People,* 160 Colo. 260, 418 P.2d 169 (1966); *Sterling v. People,* 151 Colo. 127, 376 P.2d 676 (1962). However, as we said in *Sterling, supra,* such an instruction must be in proper form and based on evidence in the record. Here the trial court correctly refused the tendered instruction as there was no evidence in the record to support defendant's theory of the case.

Additionally, defendant was not charged with being an accessory after the fact. Therefore, the giving of such an instruction would tend to confuse the issues and the jury. There was no legal basis for the giving of the requested instruction. *Maes v. People,* 178 Colo. 46, 494 P.2d 1290 (1972); *Martinez v. People,* 166 Colo. 524, 444 P.2d 641 (1968).

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE GROVES, and MR. JUSTICE LEE concur.