**No. 26330**

**The People of the State of Colorado v. Ralph Truesdale**

(546 P.2d 494)

Decided February 23, 1976.                    Rehearing denied March 15, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Canges & Shaver, Harley W. Shaver, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendant Ralph Truesdale was convicted of theft, in violation of 1971 Perm. Supp., C.R.S. 1963, 40-4-401.[1] We affirm the conviction.

The basic facts of the transaction out of which the charges against the defendant arose are not disputed. Shortly after noon on January 3, 1973, a switchboard operator at the Denver headquarters of Safeway Stores, Incorporated, received a call demanding that $50,000 in small bills be delivered to a designated telephone booth by 4:10 that afternoon. The caller threatened that if the money was not so delivered bombs would go off in two Safeway stores. The operator identified the voice of the would-be extortionist as that of a male, and testified that in all probability it was a local call. She promptly notified store officials and the police were summoned.

A plan was devised to apprehend the caller. Some folded papers and an envelope containing $110 were stuffed into a brown Safeway grocery bag, which was then stapled and taped and taken by an officer in plain clothes to the designated public telephone booth. The officer entered the booth and waited for and received a further call, again from a male. The officer was instructed to take the bag to a second booth located at First Avenue and Broadway, to await further instructions. There, he received another call, from the same male, directing him to leave the bag in the booth, stating that the booth was in sight of the caller. After depositing the bag, the officer crossed the street to a camper vehicle where several other officers were conducting surveillance of the scene.

Almost immediately after the bag had been left, defendant rapidly approached the booth, shoved aside an elderly lady who was about to enter, and picked up the bag. He then walked away, entered a parking lot, and was arrested about a hundred feet from the booth. He offered no resistance and exclaimed: "What's this all about? I just picked up a sack."

Defendant was charged with robbery as well as theft, but after resting its case the prosecution elected to proceed only on the theft count. Defendant chose not to testify in his own behalf.

---

[1] Now section 18-4-401, C.R.S. 1973.

## I.

Defendant's first contention of error is that the district attorney offered testimony in the presence of the jury, over defendant's objection, relating to an accomplice, Richard Woods, who was initially charged as a codefendant but whose trial had been severed from defendant's trial. The testimony offered was to the effect that Woods was at the scene of the transaction and had attempted to warn the defendant of the officers' approach by whistling and yelling at him after defendant had taken the Safeway bag from the telephone booth. The court sustained defendant's objections to this testimony and twice instructed the jury to disregard it. We do not decide whether the court's ruling excluding this evidence was correct.

Defendant contends, however, that the offer of proof before the jury was so highly prejudicial that this court should reverse the conviction. Defendant did not move for a mistrial, nor did he raise this as error in his motion for a new trial. We must presume the jury followed the court's instructions in absence of a showing to the contrary. *People v. Knapp*, 180 Colo. 280, 505 P.2d 7; *People v. Jacobs*, 179 Colo. 182, 499 P.2d 615. We find no error in these circumstances.

## II.

Defendant next contends that the prosecution failed to prove beyond a reasonable doubt that he committed the crime of theft. The defendant's argument is predicated on the charge that he knowingly obtained control over the property of Safeway Stores, Incorporated, by threat or deception; and that, while admitting there was in fact a bomb threat toward Safeway, there is no evidence whatever that he personally made the threatening telephone calls.

There is no requirement in the theft statute under which defendant was convicted, 1971 Perm. Supp., C.R.S. 1963, 40-4-401, that the accused personally make the threat toward the victim of the crime. It is sufficient if a threat was made, as was here admitted, and that the accused knowingly obtained anything of value from the victim of the threat, with specific intent to deprive the victim permanently of the use or benefit of the property. Thus, a threat by confederate would suffice to establish this element of the offense. *Cf. People v. Archuleta*, 180 Colo. 156, 503 P.2d 346. The People's evidence, direct and circumstantial, when viewed in the light most favorable to the jury's verdict, was more than sufficient to support the jury's verdict of guilty. *Dodge v. People*, 168 Colo. 531, 452 P.2d 759. We find no merit to defendant's argument in this respect.

## III.

Defendant was initially charged with both robbery and theft. A pretrial motion to require the district attorney to elect between the robbery and theft counts was denied by the court. At the conclusion of the People's evidence, the court did require the district attorney to make an

election, which he did, and the court then dismissed the robbery count.

Defendant argues that the robbery charge was spurious and that the trial court's failure to promptly dismiss that charge was unduly prejudicial to the defendant, even though the court later instructed the jury to disregard the robbery count. The record discloses no bad faith on the part of the district attorney and we find no abuse of discretion in denying defendant's pretrial motion to elect under the circumstances here. *Small, Jr. v. People*, 173 Colo. 304, 479 P.2d 386; Crim.P. 14.

### IV.

Defendant argues that the trial court committed reversible error in refusing to instruct the jury on his theory of the case. We disagree.

Defendant tendered six instructions relating to his theory of the case: that he was a mere bystander who had no knowledge of the threatening calls and who had merely happened to spot an apparently lost or abandoned grocery bag in the telephone booth. His picking up of the bag was not "unauthorized" within the meaning of the theft statute and he could not therefore be guilty of theft.

It is clear that a defendant is entitled to an instruction on the theory of his case, as long as there is some evidence in the record to support it. Such an instruction, however, is properly refused when it is based upon a mere fanciful invention of counsel that is altogether absurd and has no support in the record. *Marn v. People*, 175 Colo. 242, 486 P.2d 424; *Zarate v. People*, 163 Colo. 205, 429 P.2d 309; *Payne v. People*, 110 Colo. 236, 132 P.2d 441. From our examination of the record, we conclude that the defendant's theory has no support in evidence and the court properly refused the tendered instructions.

### V.

Defendant finally argues that he should have been sentenced under the indeterminate sentencing provisions of Colo. Sess. Laws 1973, ch. 145, 39-11-304(2)(a).[2] We agree.

The transaction out of which the charges against defendant arose occurred in January 1973. The indeterminate sentencing provision became effective in July 1973. Defendant was convicted in September 1973, and sentenced the following January to a term of not less than five nor more than nine years in the state penitentiary. Under our decision in *People v. Thomas*, 185 Colo. 395, 525 P.2d 1136, a defendant is entitled to the benefits of amendatory legislation which mitigates penalties for crimes when the relief is sought before finality has attached to the judgment of conviction. Accordingly, on remand, defendant should be resentenced.

---

[2] Now section 16-11-304(2)(a), C.R.S. 1973.

We have considered defendant's other arguments for reversal and find them to be without merit.

The judgment is affirmed and the cause is remanded for re-sentencing of defendant under section 16-11-304(2)(a), C.R.S. 1973.