**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ulysses GIBSON, Defendant-Appellant.**

**No. 76–1813
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1976.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Cas. Co.,* 5 Cir., 1970, 431 F.2d 409, Part I.

John S. Tucker, Birmingham, Ala. (Court-appointed), for defendant-appellant.

Wayman G. Sherrer, U. S. Atty., James C. Thomason, III, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Ulysses Gibson was convicted by a jury of violating 18 U.S.C. §§ 1702 and 1708, obstruction of correspondence and theft or receipt of stolen mail matter. On appeal, Gibson challenges the sufficiency of the evidence and contends that the jury instructions were prejudicial. We affirm.

Gibson was accused of removing a United States Treasury check from the mailbox of one Raymond Hall. At a pre-trial hearing, Gibson requested leave to represent himself at trial. This was granted, with the stipulation that appointed counsel be present for consultation.

■ At trial, a Certificate of Mailing introduced in evidence by the government established that the check was mailed. Raymond Hall, the named payee, testified that he did not receive the check and that he did not give anyone permission to possess it. Witnesses testified that they saw Gibson remove a brown envelope from Hall's mailbox and that on the same day he tried to cash a check made out to Hall, identifying himself as Hall specifically. Viewed in the light most favorable to the government, the evidence was sufficient to support the jury's verdict of guilty. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

■ At trial, Gibson elected not to take the stand. In its charge, to which defendant made no objection, the court instructed the jury, inter alia, that it might infer defendant's intent from "any statements made or done or omitted by the defendant, and all other circumstances in evidence which may indicate his state of mind." It also charged that guilty knowledge is inferable from unexplained possession of recently stolen goods. At the specific and reiterated request of defendant, it omitted the customary charge advising the jury of Gibson's right not to take the stand and admonishing them not to consider this circumstance. Before us, defendant contends that

the charge constitutes an impermissible comment on his failure to testify in his own defense.

█ It is true that, if these portions of the charge be selected and juxtaposed as above, they tend to this effect. But they are considerably separated in the charge as delivered, and the portion regarding inferences permissible to be drawn from "statements made or done or omitted" is clearly directed toward defendant's intent in possessing the check. The charge on possession of recently stolen goods is not improper in normal circumstances. *Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). Nor does the charge as given indicate that it is only defendant who can "explain" the possession. The court's omission of the charge on the right to remain silent was insisted upon by defendant and, if error, was not only invited but demanded.

Viewed as a whole, the charge did not constitute plain error. Fed.R.Crim.P. 52(b).

AFFIRMED.