## No. 79SA26

## The People of the State of Colorado v. Anneliese B. Parsons

(610 P.2d 93)

Decided April 14, 1980.                    Rehearing denied May 12, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, William Morris, Assistant Attorney General, Appellate Section, for plaintiff-appellee.

J. Gregory Walta, Public Defender, Barney Iuppa, Special Deputy, for defendant-appellant.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

The appellant was convicted by a jury of second-degree assault. Section 18-3-203(1)(c), C.R.S. 1973 (now in 1978 Repl. Vol. 8). On appeal, under the facts of this case, we need only consider the failure of the trial court to give the appellant's theory of the case instruction which asserted that the appellant resisted arrest. There was sufficient evidence in the record to support the appellant's theory of the case instruction and the failure to give the instruction requires that the conviction be reversed and set

aside. Since the appellant has already served her sentence in the Colorado Women's Correction Reformatory, retrial is not necessary.

Anneliese Bess Parsons was with a number of other young people in Colorado Springs on July 10, 1976 at a beer party on Kiowa Street. A report had been made to the police that firecrackers or gun shots had been fired at the beer party. The police investigated the call, and when they arrived they saw an individual who was the appellant's boyfriend throw a shotgun into the trunk of a car and lock the trunk. When the police attempted to question him, he joined the other young people at the beer party. After obtaining reinforcements, the police used reasonable force to make an arrest and were confronted by the appellant who attempted to assist her boyfriend. Blows were struck and the hostilities culminated when the police knocked the appellant to the ground. The appellant was singled out from a large number of participants in the melee for a charge of felony second-degree assault, section 18-3-203(1)(c), C.R.S. 1973. No other person was charged with a felony.

An instruction on the offense of resisting arrest (section 18-8-103(1)(a), C.R.S. 1973 (now in 1978 Repl. Vol. 8)) was properly tendered as the defendant's theory of the case. *People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974). In refusing the instruction, the court declined to give the instruction only because it was not artfully worded and could not be corrected without delaying submission of the case to the jury. It was the duty of the trial court to either correct the tendered instruction or to give the substance of it in an instruction drafted by the court. *Nora v. People*, 176 Colo. 454, 491 P.2d 62 (1971); *accord People v. Moya*, 182 Colo. 290, 512 P.2d 1155 (1973).

Accordingly, the appellant's conviction is reversed and set aside. The case is remanded to the trial court for further proceedings consistent with this opinion.