The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Marcus A. NUNEZ, Defendant–
Appellant.

No. 89CA0958.

Colorado Court of Appeals,
Div. I.

Aug. 1, 1991.
Rehearing Denied Aug. 29, 1991.
Certiorari Granted Jan. 27, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Springer & Steinberg, P.C., Harvey A. Steinberg, Denver, for defendant-appellant.

Opinion by Chief Judge STERNBERG.

Defendant, Marcus A. Nunez, appeals judgments of conviction entered following jury verdicts finding him guilty of aggravated robbery and mandatory sentence—violent crime. We reverse and remand.

At the trial, defendant relied on an alibi defense. He testified that at the time of the robbery, he was attending a party several miles away. His testimony was corroborated by the testimony of four friends who also attended the party.

Defendant tendered a "theory of defense" instruction, which stated:

"Evidence has been introduced tending to establish an alibi which amounts to a contention that at the very time of the commission of the crime, Marcus Nunez was at another place under such circumstances that he could not, with ordinary exertion, have reached the place where the crime was committed.

If, after consideration of all the evidence in this case, you have a reasonable doubt whether the Defendant was present at the time and place the alleged offense was committed, you must acquit him. The burden is upon the People to prove each and every element of the charge explained in the Instruction No. _____ beyond a reasonable doubt."

Without stating any reason, the trial court refused to give this instruction. Defendant contends that this was error. Although we conclude that the trial court properly refused to give the particular instruction tendered, we nevertheless agree with defendant that the court committed reversible error in not cooperating with defense counsel to prepare a proper instruction.

■ In *People v. Huckleberry*, 768 P.2d 1235 (Colo.1989), the supreme court held that an alibi defense is not an affirmative defense, so as to place on the People the burden of proof to rebut it and that, therefore, the trial court did not err by refusing a theory of the case instruction which treated the defense of alibi in such a manner.

The instruction tendered by defendant here follows almost verbatim the affirmative defense instruction which was properly refused in *Huckleberry*. Thus, refusal to give the tendered instruction here was also proper.

■ However, a defendant is entitled to a properly worded instruction setting forth his theory of defense so long as there is any evidence in the record to support the instruction and it is not encompassed in other instructions. If, as here, a trial judge becomes aware of a defect in a tendered instruction to which a defendant would otherwise be entitled, the court is under a positive duty to cooperate with counsel in preparing a proper instruction. *People v. Weiss*, 717 P.2d 511 (Colo.App. 1985). *See also People v. Dillon*, 655 P.2d 841 (Colo.1982).

■ Although in *People v. Huckleberry, supra,* the court found no reversible error was involved, the circumstances at issue here differ from those present in *Huckleberry* in one important respect. There, after rejecting the tendered instruction, the court offered to give a legally correct instruction setting forth "defendant's position." Here, the tendered theory of defense instruction was properly rejected as an improper statement of the law, but the court made no effort to give the jury a legally correct instruction on defendant's theory of defense to which he was entitled.

Also, there was ample evidence which, if believed, would support defendant's alibi, and this theory of defense was not covered in other instructions. Therefore, under these facts, the court's failure to cooperate with counsel to prepare a proper instruction constituted reversible error.

A contention of error that may arise on retrial is that the trial court erred in refusing to give defendant's tendered instruction on the lesser included offense of simple robbery. There was no evidence to support the instruction and no rational basis for acquittal of the offense charged and conviction on the lesser included offense; thus, the tendered instruction was properly refused. *See People v. Campbell*, 678 P.2d 1035 (Colo.App.1983). Hence, such instruction should also be rejected under a similar state of the record on remand.

■ We also find without merit defendant's contention that the trial court erred in denying his motion to suppress certain statements.

Defendant was twice orally advised of his rights and given a written advisement which he signed and dated. He stated he understood his rights and agreed to talk to a detective. The detective claimed that he asked defendant how he happened to choose the house where the incident occurred. Defendant did not respond to the

question until it had been asked "three or four" times. Then, according to the detective, defendant stated it was because he knew the victims, and he explained how he came to be acquainted with them.

The detective stated defendant's answer was unbelievable. Whereupon, the defendant requested that the interrogation stop, and asked for legal assistance. His requests were granted. Defendant later testified denying any participation in the offense. Defendant contends his initial silence during the questioning amounted to an invocation of his right to remain silent, and thus, evidence of his statement about being acquainted with the victims should not have been admitted. We disagree.

In *People v. Cooper,* 731 P.2d 781 (Colo. App.1986), we held "[a] defendant's silence, without more, is insufficient to require the police to discontinue questioning." *See Taylor v. Riddle,* 563 F.2d 133 (4th Cir. 1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978). We see no reason to depart from that rule in this case.

The judgments are reversed, and the cause is remanded to the trial court for a new trial, consistent with the views expressed herein.

PIERCE and MARQUEZ, JJ., concur.