The **PEOPLE** of the State of Colorado, Petitioner,

v.

Marcus A. **NUNEZ**, Respondent.

No. 91SC576.

Supreme Court of Colorado, En Banc.

Nov. 9, 1992.

Rehearing Denied Dec. 14, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for petitioner.

Springer and Steinberg, P.C., Harvey A. Steinberg, Denver, for respondent.

Justice ERICKSON delivered the Opinion of the Court.

The court of appeals in *People v. Nunez*, 824 P.2d 54 (Colo.App.1991), reversed the judgments of conviction and the sentences imposed on Marcus A. Nunez for aggravated robbery and crime of violence and ordered a new trial. The court of appeals concluded that a defendant is entitled to a properly worded instruction setting forth the defendant's theory of defense and that the trial court's failure to cooperate with counsel in preparing a proper instruction constituted reversible error. We granted certiorari and now affirm.

I

On December 31, 1987, Ernest Reeve answered the door at his house and encountered a man, dressed as a United Parcel Service driver, who stated that his truck had broken down and asked to use the phone. After attempting to make a phone call, the man placed a gun to Ernest Reeve's back and stated, "don't give me any trouble." The man threatened to kill

Ernest Reeve and his wife, Dorothy, if they did not cooperate. After struggling with Ernest Reeve for approximately fifteen minutes, the assailant placed the couple in a basement room. Several minutes later, the couple escaped from the basement and discovered that the assailant had ransacked their home and fled.

In a search of the surrounding neighborhood, the police discovered a cardboard box containing a clipboard and an envelope addressed to Nunez. A fingerprint taken from the address sheet on the clipboard was positively identified as that of Nunez. The police also found a dresser drawer from the Reeve's home containing a jewelry box. A fingerprint taken from the jewelry box was similar to that of Nunez, although a positive identification could not be made.

Nunez was arrested and charged with aggravated robbery,[1] and crime of violence (a predicate for mandatory sentence enhancement).[2] At trial, the Reeves testified that neither of them had a good look at the assailant during the robbery. Dorothy Reeve, however, testified that the assailant's eyes and hair were similar to that of the defendant.

Nunez's defense was based on an alibi. Nunez filed a notice of alibi pursuant to section 16–7–102, 8A C.R.S. (1986). At trial, Nunez testified that he did not commit the crime and that at the time of the offense he was attending a New Year's Eve party. Four defense witnesses testified that they had seen Nunez at the party. Nunez also produced a telephone bill to show that he had placed a call to Minnesota shortly after the crime occurred.

Nunez tendered a jury instruction on alibi that provided:

> Evidence has been introduced tending to establish an alibi which amounts to a contention that at the very time of the commission of the crime, Marcus Nunez was at another place under such circumstances that he could not, with ordinary exertion, have reached the place where the crime was committed.

> If, after consideration of all the evidence in this case, you have a reasonable doubt whether the Defendant was present at the time and place the alleged offense was committed, you must acquit him.

> The burden is upon the People to prove each and every element of the charge explained in the Instruction No. —— beyond a reasonable doubt.

The trial court, without explanation, wrote "rejected" on the tendered instruction and refused to give the instruction.

On appeal, the court of appeals concluded that the trial court properly refused to give the tendered instruction. The court of appeals nonetheless reversed the judgments of conviction based on its determination that the trial court committed reversible error by not cooperating with defense counsel in preparing a proper instruction.

## II

We granted certiorari to decide whether the court of appeals erred in reversing the judgments of conviction based on the trial court's refusal to give a theory of the case instruction based on alibi, and if so, whether the error constitutes reversible error. We hold that the trial court's failure to give a theory of the case instruction on alibi constitutes reversible error.

### A

The prosecution argues that the trial court properly refused to give Nunez's instruction based on an alibi theory of defense. The court of appeals agreed that the trial court correctly refused Nunez's tendered instruction but reversed the judgments of conviction based on the failure of the trial court to prepare a proper instruction on Nunez's alibi theory of defense.

In *People v. Huckleberry*, 768 P.2d 1235 (Colo.1989), we held that an alibi defense is not an affirmative defense and that the trial court properly denied an instruction based on section 18–1–407, 8B C.R.S.

---

1. § 18–4–302, 8B C.R.S. (1986).

2. § 16–11–309, 8A C.R.S. (1986).

(1986),[3] that suggested that alibi was an affirmative defense.[4] We also noted that the trial court properly instructed the jury as to the prosecution's burden of proving the elements of the offenses charged. *Huckleberry,* 768 P.2d at 1239.

In *Huckleberry,* however, we did not address whether the trial court erred in failing to provide a theory of the case instruction.[5] Nor did we state that a defendant is not entitled to a theory of the case instruction based on an alibi defense. Instead, we held only that the defendant was not entitled to a separate affirmative defense instruction pursuant to section 18–1–407 based on an alibi defense.

3. Section 18–1–407 provides:

(1) "Affirmative Defense" means that unless the state's evidence raises the issue involving the alleged defense, the defendant, to raise the issue, shall present some credible evidence on that issue.

(2) If the issue involved in an affirmative defense is raised, then the guilt of the defendant must be established beyond a reasonable doubt as to that issue as well as all other elements of the offense.

4. In *Huckleberry,* the defendant tendered an instruction that provided:

Evidence has been introduced tending to establish an alibi which amounts to a contention that John F. Huckleberry was not present at the time when or at the place where he is alleged to have committed the offense charged.

If after consideration of all the evidence in the case you have a reasonable doubt whether the defendant was present at the time and place the alleged offense was committed, you must acquit him. The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

*Huckleberry,* 768 P.2d at 1237. The trial court rejected this instruction and instead offered to give a theory of the case instruction covering the alibi defense that provided:

It is defendant's position that evidence was introduced showing he was not present at the time and place where the crime is alleged to have been committed.

The burden is upon the People to prove each and every element of the charge as explained at Instruction #—— beyond a reasonable doubt.

*Id.* The defendant chose to reject this instruction rather than objecting to it.

5. *Huckleberry* did not present this issue because the defendant rejected the trial court's proposed

■ Because Nunez's tendered instruction improperly suggested that alibi was an affirmative defense, we agree that the trial court properly refused to give the tendered instruction based on *Huckleberry.* However, the question of whether the trial court properly refused the instruction does not resolve the issue of whether the trial court erred in failing to provide a theory of the case instruction.

■ In Colorado, an instruction embodying a defendant's theory of the case *must be given* by the trial court if the record contains any evidence to support the theory. *People v. Fuller,* 781 P.2d 647, 651 (Colo.1989) (emphasis added).[6] The ra-

instruction on the alibi theory of defense. As a result, the defendant in *Huckleberry* in effect waived the right to an instruction on his theory of defense and invited error. There was no need for this court to reverse the judgment in *Huckleberry* because error that the defendant has invited does not require reversal. 3A Charles A. Wright, *Federal Practice and Procedure: Criminal 2d* § 854, at 315 (1982); *see also People v. Collins,* 730 P.2d 293, 304–05 (Colo. 1986) (finding that defendant could not challenge, on appeal, the trial court's failure to give an instruction to which defendant had objected because defendant invited error); *United States v. Gibson,* 536 F.2d 1110, 1112 (5th Cir.1976) (finding that omission of instruction was insisted on by defendant and that any error was not only invited, but was demanded).

6. In *Read v. People,* 119 Colo. 506, 509, 205 P.2d 233, 235 (1949) we stated:

There is nothing in our criminal practice more thoroughly established or definitely settled than the principle that when there is any evidence, however improbable, unreasonable or slight, which tends to reduce the homicide to the grade of manslaughter, the defendant is entitled to an instruction thereon upon the hypothesis that the same is true, and that it is for the jury, under proper instructions, and not the trial judge, to weigh and consider the evidence and determine therefrom what grade of crime, if any, was committed; and that the court's *refusal to instruct thereon is reversible error.* (Citing twelve cases from 1869 to 1945) (emphasis added).

Since *Read,* this court, in over twenty cases, has reaffirmed the proposition that a defendant is either entitled to an instruction setting forth his theory of the case or has a right to such an instruction. *See, e.g., People v. Tippett,* 733 P.2d 1183, 1195 (Colo.1987) (finding that defendant is entitled to instruction); *People v. Marquez,* 692 P.2d 1089, 1098 (Colo.1984) (finding that

tionale underlying the general rule is the belief that it is for the jury and not the court to determine the truth of the defendant's theory. *Fuller,* 781 P.2d at 651. As a result, a criminal defendant is entitled to an instruction embodying his theory of the case even if the only supporting evidence is highly improbable testimony by the defendant. *Id.*

■ In order to effectuate the general rule, we have further held that a trial court has an affirmative obligation to cooperate with counsel to either correct the tendered theory of the case instruction or to incorporate the substance of such in an instruction drafted by the court. *People v. Parsons,* 199 Colo. 421, 422, 610 P.2d 93, 94 (1980); *Nora v. People,* 176 Colo. 454, 456, 491 P.2d 62, 64 (1971); *Zarate v. People,* 163 Colo. 205, 211, 429 P.2d 309, 312–13 (1967).

Colorado's approach to the necessity to instruct on a defendant's theory of the case is the general rule. *See* 2 Charles A. Wright, *Federal Practice and Procedure: Criminal 2d* § 482, at 689–91 (1982) (stating that a party is entitled to a specific instruction on his theory of the case if there is evidence to support it and a proper

request is made). The federal circuits have unanimously concluded that a criminal defendant is entitled to a theory of defense instruction provided there is a foundation in the evidence for the instruction.[7]

Despite the well-settled rule, the prosecution contends that "it is not error for the trial court to reject a defendant's theory of the case instruction when it merely reiterates a general denial, argumentatively restates the evidence presented, or when the tendered instruction is encompassed in the other instructions given by the court."

■ Previously, we have held that it is not error to reject a proposed jury instruction regarding a defendant's theory of the case if the theory is not supported by the evidence.[8] We have also held that it is not error for a judge to refuse a tendered jury instruction when that instruction is "encompassed" or "embodied" in the other instructions.[9] We have never held, however, that the jury instructions setting forth the elements of the offense and the burden of proof, standing alone, can encompass, embody, or take the place of a defendant's theory of the case.[10]

---

trial court must give instruction); *People v. Dillon,* 655 P.2d 841, 845 (Colo.1982) (same).

**7.** *See, e.g., Brooke v. United States,* 385 F.2d 279, 284 (D.C.Cir.1967); *United States v. Wilson,* 798 F.2d 509, 518–19 (1st Cir.1986); *United States v. Bryser,* 954 F.2d 79, 87 (2d Cir.), *cert. denied sub nom., Degerolamo v. United States,* — U.S. —, 112 S.Ct. 2939, 119 L.Ed.2d 564 (1992); *United States v. Marcus,* 166 F.2d 497, 504 (3d Cir. 1948); *United States v. Hicks,* 748 F.2d 854, 857 (4th Cir.1984); *United States v. Lewis,* 592 F.2d 1282, 1285 (5th Cir.1979); *United States v. Plummer,* 789 F.2d 435, 438 (6th Cir.1986); *United States v. Carter,* 910 F.2d 1524, 1531 (7th Cir. 1990), *cert. denied,* — U.S. —, 111 S.Ct. 1628, 113 L.Ed.2d 724 (1991); *United States v. Webster,* 769 F.2d 487, 490 (8th Cir.1985); *United States v. Faust,* 850 F.2d 575, 583 (9th Cir.1988); *United States v. Scafe,* 822 F.2d 928, 932 (10th Cir.1987); *United States v. Finestone,* 816 F.2d 583, 588 (11th Cir.), *cert. denied,* 484 U.S. 948, 108 S.Ct. 338, 98 L.Ed.2d 365 (1987).

**8.** We have affirmed a refusal to give a theory of the case instruction that is not grounded in the evidence. *See, e.g., People v. Marquez,* 692 P.2d 1089, 1098 (Colo.1984); *People v. Dillon,* 655 P.2d 841, 845 (Colo.1982); *People v. Tenorio,* 197 Colo. 137, 144, 590 P.2d 952, 957 (1979); *People v. Truesdale,* 190 Colo. 286, 290, 546 P.2d 494,

497 (1976); *People v. Griego,* 183 Colo. 419, 420, 517 P.2d 460, 461 (1973); *Wertz v. People,* 160 Colo. 260, 261–62, 418 P.2d 169, 170 (1966); *Sterling v. People,* 151 Colo. 127, 131, 376 P.2d 676, 678 (1962), *cert. denied,* 373 U.S. 944, 83 S.Ct. 1554, 10 L.Ed.2d 699 (1963).

**9.** We have affirmed a refusal to give a theory of the case instruction that is embodied or encompassed in other instructions. *See, e.g., People v. Tippett,* 733 P.2d 1183, 1195 (Colo.1987); *People v. Holmes,* 191 Colo. 477, 479, 553 P.2d 786, 788 (1976); *Winters v. People,* 174 Colo. 91, 93, 482 P.2d 385, 386 (1971); *Bennett v. People,* 168 Colo. 360, 363, 451 P.2d 443, 444 (1969); *Edwards v. People,* 160 Colo. 395, 404, 418 P.2d 174, 179 (1966); *Coca v. People,* 154 Colo. 488, 490, 391 P.2d 462, 463 (1964).

**10.** In *Huckleberry,* we merely stated that the trial court properly instructed the jury as to the prosecution's burden of proving the elements of the offenses charged. *Huckleberry,* 768 P.2d at 1239. We did not hold that such an instruction obviated the need for a theory of the case instruction. Rather, as the trial judge in *Huckleberry* recognized in proposing a theory of case instruction based on an alibi defense, a defendant remains entitled to an alibi theory of the case instruction, even though that defendant

■ There is no reason to depart from the general rule based on an alibi defense.[11] A defendant is entitled to an instruction based on the theory of defense of alibi if the record contains evidence of alibi and the theory is not incorporated or included in other jury instructions. Jury instructions that merely set forth the elements of the offense and the burden of proof, without more, do not encompass a theory of defense. A trial court has an affirmative obligation to cooperate with counsel to either correct an alibi theory of the case instruction or to incorporate the substance of such an instruction in one drafted by the court.

■ The record contains substantial evidence to support Nunez's alibi theory of defense. In this case, the jury instructions set forth only the elements of the offense and the burden of proof and did not encompass or embody Nunez's defense of alibi. Moreover, the trial court failed to correct Nunez's tendered alibi instruction or to incorporate an alibi instruction in the other jury instructions.

Accordingly, we hold that the trial court erred in refusing to give an instruction based on Nunez's theory of defense of alibi. Having determined that the trial court erred in refusing to give an instruction based on Nunez's theory of defense of alibi, we must determine whether that failure constitutes reversible error.

B

We have repeatedly held that the failure to give a jury instruction on a defendant's theory of the case constitutes reversible error.[12] The prosecution has cited no Colorado precedent holding that the failure to instruct a jury on a defendant's theory of defense constitutes harmless error.

In affirming the judgments of conviction in *Huckleberry*, despite the absence of an alibi theory of the case instruction, we did not hold that the failure to give such an instruction was harmless error. That issue was not before the court. Rather, we merely held that the trial court properly refused to give an improper affirmative defense instruction based on alibi.

We are aware that some federal circuit courts of appeal have concluded that, in certain circumstances, the failure to instruct a jury on a defendant's theory of alibi can constitute harmless error.[13] *Unit-*

---

is not entitled to an affirmative defense instruction based on alibi.

**11.** The federal circuit courts that have considered the propriety of an instruction regarding an alibi theory of defense have concluded that, under proper circumstances, the jury must be given an alibi instruction when the defendant so requests. *See, e.g., United States v. Bryser,* 954 F.2d 79, 87 (2d Cir.), *cert. denied sub nom., Degerolamo v. United States,* — U.S. —, 112 S.Ct. 2939, 119 L.Ed.2d 564 (1992); *United States v. Carter,* 910 F.2d 1524, 1531 (7th Cir. 1990), *cert. denied,* — U.S. —, 111 S.Ct. 1628, 113 L.Ed.2d 724 (1991); *United States v. Dawn,* 897 F.2d 1444, 1450 (8th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 389, 112 L.Ed.2d 400 (1990); *United States v. Braxton,* 877 F.2d 556, 564 (7th Cir.1989); *United States v. Webster,* 769 F.2d 487, 490–91 (8th Cir.1985); *United States v. Hicks,* 748 F.2d 854, 857 (4th Cir.1984); *United States v. Ragghianti,* 560 F.2d 1376, 1379 (9th Cir.1977); *United States v. Burse,* 531 F.2d 1151, 1153 (2d Cir.1976); *United States v. Megna,* 450 F.2d 511, 513 (5th Cir.1971); *United States v. Marcus,* 166 F.2d 497, 503–04 (3d Cir.1948).

*Burse* explained the reasoning behind the rule requiring an instruction based on an alibi defense as follows:

Jurors are, by definition, untrained in the specifics of the law and, accordingly, must be instructed as to the legal standards they are bound to apply. In those cases where an alibi defense is presented, there exists a danger that the failure to prove the defense will be taken by the jury as a sign of the defendant's guilt. *Burse,* 531 F.2d at 1153.

**12.** *See, e.g., People v. Rivera,* 186 Colo. 24, 28, 525 P.2d 431, 434–35 (1974) (reversing trial court because theory of case instruction not given); *People v. Travis,* 183 Colo. 255, 257, 516 P.2d 121, 122–23 (1973) (same); *People v. Moya,* 182 Colo. 290, 292–93, 512 P.2d 1155, 1156 (1973) (same); *People v. Montague,* 181 Colo. 143, 146, 508 P.2d 388, 389–90 (1973) (same); *Bertalotto v. People,* 175 Colo. 557, 558, 488 P.2d 1100, 1101 (1971) (same); *Zarate v. People,* 163 Colo. 205, 210, 429 P.2d 309, 312–13 (1967) (same).

**13.** *See* 2 Charles A. Wright, *Federal Practice and Procedure: Criminal 2d* § 492, at 759 (1982) (noting that courts have used harmless error analysis to avoid reversal if an alibi, even if believed, was not broad enough to show that the defendant had not committed the crime). *See, e.g., United States v. Dawn,* 897 F.2d 1444, 1450

*ed States v. Burse,* 531 F.2d 1151 (2d Cir. 1976) noted that:

> There have been occasions when the courts have viewed the absence of an alibi instruction as harmless. When such an instruction has not been requested or when the evidence of the defendant's guilt has been overwhelming or when the evidence in support of the alibi defense has been negligible or when the defendant's presence at the scene of the crime has not been an element of the offense which the government was required to prove, the courts have held that failure to provide an alibi instruction does not require reversal.

*Id.* at 1153.

■ We need not reach the issue of whether harmless error analysis is appropriate because as *Burse* stated, "[w]ithout commenting on the propriety of these exceptions, we note that none of these mitigating circumstances is present in this case." *Id.* Here, Nunez specifically requested an alibi instruction. The prosecution was required to prove Nunez's presence at the Reeve's residence to establish the aggravated robbery charge. The witnesses produced by Nunez, along with the evidence of the phone call, provided evidence to support his defense of alibi and the prosecution's evidence of Nunez's guilt was not overwhelming. We leave to the jury the task of evaluating the credibility of witnesses, the weight of testimony, and the adequacy of the defendant's theory of defense.

Accordingly, we hold that the trial court's error in refusing to give a theory of the case instruction based on Nunez's claim of alibi constitutes reversible error. We therefore affirm the court of appeals' reversal of Nunez's convictions and return this case to the court of appeals with directions to remand for a new trial consistent with this opinion.

VOLLACK, J., dissents and ROVIRA, C.J., joins in the dissent.

Justice VOLLACK dissenting:

The majority finds that the trial court erred by failing to draft an instruction regarding Nunez's alibi defense after properly rejecting Nunez's tendered instruction. I disagree. Instructions regarding the defense of alibi will, under our holding in *People v. Huckleberry,* 768 P.2d 1235 (Colo.1989), be included in the instructions given regarding the elements of a charged offense and the prosecution's burden of proof. An affirmative duty to correct a tendered instruction does not arise when the tendered instruction is encompassed in existing instructions. When considered as a whole, the instructions in this case adequately informed the jury of Nunez's alibi defense; reversal of his conviction is not warranted. I respectfully dissent.

---

(8th Cir.) (finding harmless error because evidence against defendant was relatively strong), *cert. denied,* —— U.S. ——, 111 S.Ct. 389, 112 L.Ed.2d 400 (1990); *United States v. Webster,* 769 F.2d 487, 490–91 (8th Cir.1985) (finding harmless error based on *Burse* exceptions); *United States v. Hicks,* 748 F.2d 854, 857 (4th Cir.1984) (finding no harmless error but recognizing *Burse* exceptions); *United States v. Grapp,* 653 F.2d 189, 194–95 (5th Cir.1981) (finding harmless error because alibi was not a defense to charges); *United States v. Guillette,* 547 F.2d 743, 752 (2d Cir.1976) (finding harmless error because alibi was not a defense to charges), *cert. denied,* 434 U.S. 839, 98 S.Ct. 132, 54 L.Ed.2d 102 (1977). *But see United States v. Escobar de Bright,* 742 F.2d 1196, 1201 (9th Cir.1984) (holding that failure to instruct on defendant's theory of the case can *never* be considered harmless error but is reversible per se) (emphasis added).

*Cf. United States v. Bryser,* 954 F.2d 79, 87 (2d Cir.) (finding no error because alibi was not a defense to charges), *cert. denied sub nom., Degerolamo v. United States,* —— U.S. ——, 112 S.Ct. 2939, 119 L.Ed.2d 564 (1992); *United States v. Carter,* 910 F.2d 1524, 1531 (7th Cir. 1990) (finding that absence of instruction was not reversible error because instructions as a whole, which included theory of case instruction, correctly charged jury), *cert. denied,* —— U.S. ——, 111 S.Ct. 1628, 112 L.Ed.2d 400 (1991); *Alicea v. Gagnon,* 675 F.2d 913, 926 (7th Cir.1982) (finding no error because other instructions covered alibi); *United States v. Coughlin,* 514 F.2d 904 (2d Cir.1975) (holding that error was not reversible because defendant failed to request instruction in writing); *United States v. Lee,* 483 F.2d 968, 970 (5th Cir.1973) (finding no instruction required because alibi is not a defense to charges); *United States v. Erlenbaugh,* 452 F.2d 967 (7th Cir.1971) (finding no error if evidence of alibi is not strong), *aff'd on other grounds,* 409 U.S. 239, 93 S.Ct. 477, 34 L.Ed.2d 446 (1972).

## I.

The majority finds that "the trial court properly refused to give [Nunez's] tendered instruction" because the instruction "improperly suggested that alibi was an affirmative defense." Maj. op. at 264. The majority bases this finding on *People v. Huckleberry*, 768 P.2d 1235 (Colo.1989), wherein we held that alibi is not an affirmative defense and requires no special instructions. *Id.* at 1238–39. However, the majority concludes that alibi, as a "theory of the case," must be the subject of an instruction in this case because the instructions do not encompass Nunez's defense of alibi. Maj. op. at 266. In reaching this conclusion, the majority disregards the substance of our holding in *Huckleberry* where we characterized the nature of an alibi defense.

In *Huckleberry*, we were called on to determine whether "the defense of alibi [is] an affirmative defense requiring a jury instruction." *Id.* at 1238. We noted that defendants are entitled, by statute, "to an instruction informing the jury that the prosecution 'has the burden of proving the guilt of the defendant ... beyond a reasonable doubt as to the affirmative defense, as well as to all the elements of the crime charged.'" *Id.* (quoting § 18–1–407, 8B C.R.S. (1986)).

We concluded that an alibi defense was not an affirmative defense because it "does not require proof or disproof of factual issues beyond those necessary to establish the elements of the offense charged." *Id.* at 1239. We did not determine whether an alibi defense cast in the posture of a "theory of the case" merited special instructions. However, *Huckleberry* dictates with stronger reasoning that no special instructions on alibi are required to inform a jury that a defendant's theory of the case is alibi.

### A.

A "theory of the case" has been defined as "[t]he basis of liability or grounds of defense." *Black's Law Dictionary* 1478 (6th ed. 1990). An alibi, as a ground of defense, "essentially denies that the defen-

dant committed the act charged." *Huckleberry*, 768 P.2d at 1238. In *Huckleberry* we relied on this court's opinion in *McNamara v. People*, 24 Colo. 61, 48 P. 541 (1897), wherein this court held:

> In order to avail himself of the defense of alibi, it is not incumbent upon the accused to establish that he was not present at the commission of the crime, or that he was in some other place. If the evidence is sufficient to raise a reasonable doubt in the minds of the jury as to whether he was or was not present at the commission of the crime, he is entitled to an acquittal.

*Id.* at 67–68, 48 P. 543. Accordingly, the defense of alibi "emphasizes the significance of particular issues of fact the People must establish in every criminal case— namely, that the defendant was present ... at the scene of the event and that the defendant was personally responsible for the prohibited conduct." *Huckleberry*, 768 P.2d at 1239. We concluded that "no special instructions are necessary to inform the jury of the People's burden to prove that a defendant alleged to have committed an offense did commit that offense." *Id.*

The Washington Supreme Court reached a similar conclusion in *State v. Adams*, 81 Wash.2d 468, 503 P.2d 111 (1972). The *Adams* court considered whether alibi instructions "should be retained as an integral part of the charge to the jury." *Id.*, at 477, 503 P.2d at 116. The court observed:

> The instructions taken as a whole, without an instruction on alibi, should sufficiently present to the jury a statement of the law on presumption of innocence, burden of proof, reasonable doubt, assessment of credibility and such other instructions as the trial court in its sound discretion believes essential to elucidate the law.

*Id.*, at 478, 503 P.2d at 116. The *Adams* court concluded that "the modern view [is] that an instruction on alibi ... is better omitted from the charge to the jury." *Id.*, at 478, 503 P.2d at 116.

Both *Huckleberry* and *McNamara* instruct that the defense of alibi only emphasizes the prosecution's burden of proof in every criminal case. *Huckleberry*, 768

P.2d at 1239; *McNamara,* 24 Colo. at 67–68, 48 P. at 543–44. Accordingly, I am compelled to conclude, as we did in *Huckleberry,* that no special instructions are necessary to inform the jury that the prosecution must prove beyond a reasonable doubt that an accused committed all the elements of the charged offenses. *Huckleberry,* 768 P.2d at 1239.

### B.

The majority states that "a trial court has an affirmative obligation to cooperate with counsel to either correct the tendered theory of the case instruction or to incorporate the substance of such in an instruction drafted by the court." Maj. op. at 265. The majority finds that the district court did not execute its affirmative duty to either cooperate or correct Nunez's tendered instruction. I disagree.

The duty to assist defendants in such a fashion is well established in Colorado case law. *People v. Parsons,* 199 Colo. 421, 610 P.2d 93 (1980). However, that duty does not arise when the defendant's theory of the case is encompassed in other instructions. *People v. Tippett,* 733 P.2d 1183, 1195 (Colo.1987); *People v. Moya,* 182 Colo. 290, 292, 512 P.2d 1155, 1156 (1973). Based on the following discussion, I conclude that the district court was under no obligation to correct Nunez's tendered instructions because their substance was incorporated in existing instructions.

### II.

"The general rule in Colorado is that an instruction embodying the defendant's theory of the case must be given if there is any evidence in the record to support it." *People v. Fuller,* 781 P.2d 647, 651 (Colo. 1989); *People v. Dillon,* 655 P.2d 841, 845 (Colo.1982). "[I]t is ... long recognized that it is not error for a trial court to refuse to give a defense theory instruction when the contents of that instruction is [sic] embodied in other instructions given by the court." *Tippett,* 733 P.2d at 1195. "[A]ll the instructions given must be considered together" when determining wheth-

er the jury has been informed of the defendant's theory of the case. *Id.*

In *People v. Vigil,* 718 P.2d 496 (Colo. 1986), a defendant asserted that a district court erred by refusing his tendered instruction on the credibility of eyewitness identification. *Id.* at 503. We stated that it was not error for the court to have refused the defendant's instruction because the jury received a general instruction on the credibility of witnesses. *Id.* We noted that numerous cases supported such a finding. *Id.* We concluded that applicability of the rule—that a trial court may properly refuse to give an instruction on eyewitness credibility when the contents of that instruction are embodied in other instructions given by the court—*"is not affected by the defendant's claim that his 'theory of the case' was mistaken identity."* *Id.* (emphasis added).

In the present case, the jury was instructed that every person charged with a crime is presumed innocent; that the prosecution bears the burden of proving the existence of all the elements necessary to constitute the crime charged beyond a reasonable doubt; that the defendant must be found not guilty if any one or more of the elements is not proven beyond a reasonable doubt; and that the prosecution had to prove that the defendant took anything of value from the person or presence of Ernest Reeve on or about December 31, 1987.

Nunez tendered two instructions, the first of which stated:

Evidence has been introduced tending to establish an alibi which amounts to a contention that at the very time of the commission of the crime, Marcus Nunez was at another place under such circumstances that he could not, with ordinary exertion, have reached the place where the crime was committed.

If, after consideration of all the evidence in this case, you have a reasonable doubt whether the Defendant was present at the time and place the alleged offense was committed, you must acquit him.

The burden is upon the People to prove each and every element of the charge as

explained in Instruction No. —— beyond a reasonable doubt.

The second instruction tendered by Nunez reiterated that

the burden is always upon the prosecution to prove beyond a reasonable doubt each and every material element of any lesser included offense....

. . . .

After considering all the evidence, if you decide that the prosecution has failed to prove one or more elements of the crime charged or of a lesser included offense, you should find the Defendant not guilty....

During an *in camera* proceeding, the following colloquy occurred between counsel for both parties and the judge:

THE COURT: Okay, ready for your motion?

[DEFENSE COUNSEL]: Your Honor, at this time I would renew my motion for judgment of acquittal based on the insufficiency of the evidence.

THE COURT: Okay, motion's denied.

And are you waiving the presence of your client for this?

[DEFENSE COUNSEL]: I will, Your Honor.

THE COURT: Okay. I hand to the attorney for the People Instructions 1 through 21 and ask if you have any objection thereto.

[THE PEOPLE]: I've looked at them and have no objection.

THE COURT: Any additional ones to tender?

[THE PEOPLE]: None.

[DEFENSE COUNSEL]: Your Honor, I have no objection to the instructions; however, I do have two instructions to tender. One is an instruction relating to alibi. I would ask that that be marked by the Court as Defendant's Tendered Instruction No. 1. And a tendered instruction No. 2, wherein are the elements of the crime of the lesser offense of robbery.

. . . .

THE COURT: Okay, any objection to the form of verdicts?

[THE PEOPLE]: None by the People.

[DEFENSE COUNSEL]: Only insofar as it doesn't include the lesser of robbery.

THE COURT: Okay. Thank you, folks.

[DEFENSE COUNSEL]: Judge, and I don't want to hold Wesley up, but, just for the record, I would state briefly my argument regarding the lesser included offense. And that is that there's ... a distinction between the gravamen of offenses which endanger an individual or weapons which endanger an individual and those which create an appearance of danger. And thus, the deadly weapon statute should be subject to two interpretations. One is a deadly—a gun, loaded or unloaded, is a deadly weapon insofar as it would apply to a crime of menacing where the fear is as a result of the weapon. And I would cite in support of that *People versus McPherson*, [200 Colo. 429], 619 P.2d, a Colorado—P.2d page 38, Colorado Supreme Court, 1980.

The other side would be the cases such as the situation in *Bowers* where there is an—indeed an enhanced probability of danger or harm to another person. It's therefore my argument that although an unloaded weapon would be sufficient for menacing, an unloaded weapon doesn't qualify as a deadly weapon for purposes of mandatory sentence nor to raise robbery to aggravated robbery in that it does not create a danger that a loaded weapon would.

After counsel for Nunez finished, the court recessed.

During the argument, counsel for Nunez did not refer to Defendant's Tendered Instruction No. 1 as his theory of the case. Counsel for Nunez did not focus his argument on Tendered Instruction No. 1. Counsel for Nunez did not mention Instruction No. 1, except to state that it concerned alibi. Conversely, counsel for Nunez directed all of his argument to Defendant's Tendered Instruction No. 2, concerning the lesser included offense.

The district court rejected Nunez's tendered instructions on that day. The record

does not reveal that counsel for Nunez made any objections to the district court regarding the denial of the tendered instructions. The court of appeals found that the district court did not err by refusing to give the instructions because the instructions "follow[ ] almost verbatim the affirmative defense instruction which was properly refused in *Huckleberry.*" *People v. Nunez*, 824 P.2d 54, 55 (Colo.App.1991); *see Huckleberry*, 768 P.2d at 1237.

The majority, however, finds that "the trial court failed to correct Nunez's tendered alibi instruction or to incorporate an alibi instruction in the other jury instructions." Maj. op. at 266. This finding impermissibly imposes on district courts a duty to act as an advocate for the defendant. Nunez may only have the benefit of a theory of the case instruction not encompassed in other instructions. Nunez did not tender an alibi instruction as his theory of the case, nor does the record reveal that he objected to its rejection. The majority's finding, however, requires district courts to ascertain which purposes the tendered instruction concerns, and to subsequently draft an instruction suitable for that purpose if the tendered instruction is ambiguous. I am not inclined to place district courts in such an untenable position wherein district judges must substitute their judgment for that of defense counsel's trial strategy and second-guess what is best for the defendant.

The tendered instructions do no more than emphasize that which is found in the existing instructions: that the prosecution is required to prove beyond a reasonable doubt that Nunez was guilty of all of the elements of the charged offenses. A proposed special instruction that only emphasizes the prosecution's burden of proof is not warranted solely on the basis that counsel for Nunez chose to label the instruction a "theory of the case" as opposed to "affirmative defense" on appeal. *See Huckleberry*, 768 P.2d at 1238–39. Nunez attempts to do no more than that which the defendant attempted and which was rejected in *Vigil.* By adopting Nunez's contention, the majority places form (or label) over substance. I conclude that the district

court did not err by refusing Nunez's proposed instructions.

I am authorized to say that Chief Justice ROVIRA joins in this dissent.