**James C. HAWKINS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 5252.**

United States District Court,
E. D. Texas,
Tyler Division.

March 19, 1971.

Harry B. Friedman, Harkness, Friedman & Kusin, Texarkana, Tex., for petitioner.

Roby Hadden, U. S. Atty., Dale Long, Asst. U. S. Atty., Tyler, Tex., for respondent.

## MEMORANDUM OPINION AND ORDER

JOE J. FISHER, Chief Judge.

■ Petitioner moves this Court to grant a Writ of Error Coram Nobis and ultimately to dismiss his consecutive sentence. Considering the petition and the government's response thereto, the Court is treating said petition as a Motion for Correction of Sentence under Rule 35, F.R.Crim.P.[1]

Petitioner, James C. Hawkins, was tried in the United States District Court for the Eastern District of Texas, Tyler Division, on June 5, 1967. Petitioner Hawkins was found guilty on each of an 8-count indictment, and sentenced as follows:

On Count 1 the defendant, James C. Hawkins, was committed to the custody of the Attorney General for a period of five years.

On Count 2 the defendant was committed to the custody of the Attorney General for a period of five years, the sentence on Count 2 to run concurrently with the sentence on Count 1.

On Count 3 the defendant was committed to the custody of the Attorney General for a period of five years, the sentence on Count 3 to run consecutively to the sentences imposed on Counts 1 and 2.

And on each of Counts 4, 5, 6, 7, and 8 the defendant, James C. Hawkins, was committed to the custody of the Attorney General for a period of five years; each of the sentences imposed on each of these counts to run concurrently with each other and with the sentence imposed on Count 3.

The United States Court of Appeals for the Fifth Circuit affirmed the judgment of the District Court on October 22, 1969. The United States Supreme Court denied Petitioner's Writ of Certiorari on February 24, 1970.

■ The first issue raised herein involves the usage of the writ of error coram nobis. This writ was available at common law to correct errors of fact. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). In the instant case, Petitioner alleges that he has not yet started serving his consecutive sentence, and that said consecutive sentence in Count 3 is void. Generally, relief in the form of a corrected sentence is obtained by a motion under Rule 35, F.R.Crim.P.[2] For this reason, the Court is of the opinion that in the present case there do not exist the "compelling circumstances" that justify resort to the extraordinary remedy of writ of error coram nobis in order to achieve justice. See United States v. Morgan, supra.

The principal issue raised by Petitioner involves multiplicity of counts; that is, the charging of a single offense in two or more counts. The statute violated in Counts 2 and 3, Title 18, United States Code, Section 641, reads in part: "Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys, or disposes of any record, voucher, money, or thing of value of the United States * * *." Petitioner alleges that aiding and abetting in the conversion and subsequent sale of certain money orders is one offense instead of two. In this regard, he contends that Counts 2 and 3 charge only one offense, occurring in the same identical transaction, and therefore his consecutive sentence imposed on Count 3 violates his Eighth Amendment rights under the United States Constitution which prohibits "cruel and unusual punishment."

[1]. The court may correct an illegal sentence at any time.

[2]. See Footnote No. 1.

Furthermore, Petitioner urges that the consecutive sentence imposed on Count 3 violates his Fifth Amendment rights under the United States Constitution by not allowing " * * * any person to be subject to the same offense to be twice put in jeopardy of life" to be in force.

■ This issue with the factual background of the instant case has not yet been decided, but under the circumstances of this case, the Court is not impressed by the Petitioner's argument as to multiplicity of counts. If the Petitioner were correct, the sentence on Counts 4, 5, 6, 7, and 8 (which he does not maintain are the same offense as is charged in Counts 2 and 3), to run concurrently with Count 3, could only be consecutive to Counts 1 and 2. Thomas v. United States, 249 F.2d 429 (9th Cir. 1957). Thus, the total sentence of ten years imprisonment is a valid one, whether or not Count 3 supports a sentence consecutive to the sentence imposed on Counts 1 and 2. See Thomas v. United States, *supra*.

It is clear that the intent of the sentencing judge was to have Petitioner serve ten years on all counts on which he was found guilty. Count 1, the conspiracy count, is punishable by a term of years not to exceed five years. The offenses against Title 18, United States Code, Section 641, alleged in Counts 2, 3, 4, 5, and 6, are punishable by a term of years not to exceed ten, and the offenses against Title 18, United States Code, Section 500, alleged in Counts 7 and 8, are punishable by a term of years not to exceed five years.

. ■ As the motion, files, and records of the case conclusively show that the Petitioner is entitled to no relief, the Court is not required to grant a hearing on the motion. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1963).

It is therefore ordered, adjudged and decreed that the Petition for Writ of Error Coram Nobis, having been treated as a motion for correction of sentence, should be, and the same is hereby in all respects denied.