James C. HAWKINS, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 71-2082

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 10, 1972.

* [1]  Rule 18, 5th Cir.;  see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F. 2d 409, Part I.

**1154**

Will Gray, Houston, Tex. (Court appointed), for petitioner-appellant.

Roby Hadden, U. S. Atty., Dale Long, Asst. U. S. Atty., Tyler, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

This post-conviction proceeding, designated by appellant as a "petition for writ of error coram nobis," was considered by the trial court as a motion to correct sentence under Rule 35, F.R. Crim.P., and all relief was denied. 324 F.Supp. 223. The gist of petitioner's claim was that one of the counts against him was void, and that this should result in reducing his overall sentence from ten years to five years. We hold that petitioner would not be entitled to a reduction in his overall sentence, even if the claimed count were void, which it is not.

Briefly, it appears from the record that Olinthas Burks, Jr., and another burglarized a United States Post Office on January 21, 1966, and stole several postal money orders. Within 48 hours after the burglary Burks asked James C. Hawkins if he would be interested in buying the stolen money orders. About three days later Burks met with Hawkins, Marvin E. Key, and Raymond Shelby and discussed terms for the purchase of the stolen postal money orders. In about three more days Burks received a call from Hawkins in which Hawkins asked Burks to meet him at Hawkins' place of business. At this meeting Burks transferred the stolen money orders to Marvin E. Key in return for a cash down payment. This transfer occurred on January 30, 1966. Some of the money orders were later forged and passed by other co-conspirators. Hawkins was convicted on an eight-count indictment, affirmed on appeal. Hawkins v. United States, 417 F.2d 1271 (5th Cir. 1969), cert. den., 397 U.S. 914, 90 S.Ct. 917, 25 L.Ed.2d 95 (1970).

. The sentencing on the eight counts went like this: 5 years on Counts 1 and 2 to run concurrently; 5 years on Count 3 to run consecutive to the first 5 year sentence; and, 5 years each on Counts 4, 5, 6, 7 and 8, all to run concurrently with the sentence under Count 3.

Hawkins' theory is that Count 3 thus "anchored" the sentences on Counts 4 through 8, and that if it is void, as he claims it is, then the sentences on 4 through 8 would step up to run concurrently with Counts 1 and 2, thus shortening his overall sentence to seven 5 year terms, all being served concurrently with each other.

■ This argument has little merit. It is clear from the terms of the sentence that punishment on Counts 4 through 8, while running concurrently with each other, was to run consecutive to Counts 1 and 2. The very most that appellant could gain from our setting aside Count 3 would be a remand for re-sentencing, at which there would be no bar to making the sentence on Counts 4 through 8 run consecutive to the first 5

year term as was obviously intended by the trial judge. However, we need not decide whether to affirm or remand on this point because we hold that the "anchor" sentence is not void, as contended by appellant.

The voidness argument is based on Hawkins' contention that Count 2 and Count 3 constitute one offense, instead of two, and that the conviction on both counts constituted double jeopardy. He says the resulting consecutive 5 year sentences subjected him to cruel and unusual punishment. He cites: Patton v. North Carolina, 381 F.2d 636 (4th Cir. 1967), cert. den., 390 U.S. 905, 88 S.Ct. 818, 19 L.Ed.2d 871 (1968); Ex Parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873); Louisiana ex rel Francis v. Resweber, 329 U.S. 459, 462, 67 S.Ct. 374, 91 L.Ed. 442 (1942).

Count 2 charged Hawkins with aiding and abetting Burks in the unlawful *conversion* to his own use of money orders in violation of 18 U.S.C. § 641. Count 3 charged him with aiding and abetting Burks in the unlawful *selling* of the same money orders in violation of the same statute, 18 U.S.C. § 641.

To show that these two counts charge the same offense appellant states that the critical issue is whether a charge of aiding and abetting Burks in converting stolen money orders to his own use was in law and in fact the same offense as aiding and abetting Burks in selling the same money orders. Dryden v. United States, 403 F.2d 1008 (5th Cir. 1968).

■ It is clear that conversion does not require a sale, inasmuch as the gist of the offense of conversion is wrongfully depriving an owner of his property whether or not it is sold. Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952). Having once been converted however, the property is then subject to an entirely separate of-

fense when it is sold, requiring a separate order of proof from that required in conversion. Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505 (1927); Thomas v. United States, 249 F.2d 429 (9th Cir. 1957). Therefore, as a matter of law, the offense of conversion and the offense of sale can be two separate and distinct offenses under 18 U.S.C. § 641.

Even so, appellant argues that he cannot be charged on two counts for a single act. The most favorable statement that could be made of appellant's position, as stated in his brief, is "that every sale of unlawfully obtained property is a knowing conversion within the purview of 18 U.S.C. Sec. 641, even though every 'knowing conversion' would not involve a sale of the converted property." This argument could lead only to the conclusion that the sale in Count 3 includes the conversion in Count 2, but that the conversion in Count 2 does not include the sale in Count 3.

■■ This being so, we do not have to decide whether the conversion charged in Count 2 was part and parcel of the sale charged in Count 3. The most that could result from such a decision would be the setting aside of the conversion conviction in Count 2. *Cf.*, Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); United States v. Welty, 426 F.2d 615 (3rd Cir. 1970). Under these circumstances Count 3 could not be held to be the void count. This is the "anchor" sentence which is critical to appellant's relief. A consideration of whether Count 2 actually is void under the double jeopardy standard is foreclosed by the concurrent sentence doctrine. United States v. Wilson, 451 F.2d 209 (5th Cir. 1971).

Affirmed.