**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Arthur Jay LEE, Defendant-
Appellant.**

**No. 73–1319
Summary Calendar.** *

United States Court of Appeals,
Fifth Circuit.

Aug. 23, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty, Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Morris M. Reese, Jr., court-appointed, Laredo, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

In a trial by jury Lee was convicted of conspiracy with others to unlawfully, knowingly, and intentionally possess with intent to distribute forty-five pounds of marihuana (Count 1),[1] and of the substantive offense of unlawfully, knowingly, and intentionally possessing forty-five pounds of marihuana with intent to distribute. (Count 2).[2] Lee was sentenced to three years' imprisonment with a special parole term of two years on both Counts 1 and 2, the sentences to run concurrently. His sole point on appeal is that having offered evidence of an alibi, the district court failed to instruct the jury that the burden remained on the government to prove his guilt beyond a reasonable doubt. We affirm.

We find it unnecessary to dwell upon the sufficiency of the alibi instruction in this case because the evidence is overwhelming that Lee and his three co-conspirators entered into a conspiracy, the overt acts of which were performed by the latter.

Once the existence of the agreement or common scheme of conspiracy is shown, however, "*slight* evidence" is all that is required to connect a particular defendant with the conspiracy. United States v. Jones, 9 Cir. 1970, 425 F.2d 1048, 1951 [sic] ; United States v. Knight, 9 Cir. 1969, 416 F.2d 1181, 1184; Lopez v. United States, 5 Cir. 1969, 414 F.2d 909, 911. And once it is shown that a particular defendant joined the conspiracy, the acts of his co-conspirators done in furtherance of the conspiracy are attributable to him and he becomes equally liable for

---

1. 21 U.S.C.A. §§ 841(a)(1) and 846.

2. 21 U.S.C.A. § 841(a)(1).

them. Grimes v. United States, 5 Cir. 1967, 379 F.2d 791, 795; Hernandez v. United States, 9 Cir. 1962, 300 F.2d 114, 121.

United States v. Warner, 5 Cir. 1971, 441 F.2d 821, 830, cert. denied, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58.

The alibi, if believed by the jury, established no more than that Lee was not present at the time that one or more of the conspirators performed an overt act in furtherance of the conspiracy. Since it was unnecessary for the government to have proved his presence, the alibi defense failed and no instruction concerning it was required.

The evidence on Count 1 being sufficient to sustain the verdict, consideration of whether the instruction on alibi was insufficient in connection with the substantive offense charged in Count 2 is rendered unnecessary by the concurrent sentence doctrine. Hawkins v. United States, 5 Cir. 1972, 458 F.2d 1153; United States v. Wilson, 5 Cir. 1971, 451 F.2d 209, cert denied *sub nom.*, Fairman v. United States, 1972, 405 U.S. 1032, 92 S.Ct. 1298, 31 L.Ed.2d 490.

Affirmed.