**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4481

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CALVIN SMOOT, a/k/a Smooth,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (CR-04-131)

Argued:  January 31, 2006          Decided:  March 2, 2006

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** William Rhett Eleazer, Chapin, South Carolina, for Appellant. Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.  **ON BRIEF:** Jonathan S. Gasser, United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Calvin Smoot appeals his conviction and sentence for conspiracy to possess with intent to distribute and possession with intent to distribute cocaine. He challenges the district court's refusal to give an alibi instruction and its sentencing finding that he suborned perjury. We affirm.

I.

In 2004, a grand jury indicted Smoot on charges of conspiring to possess with intent to distribute 5 kilograms or more of cocaine and possessing with intent to distribute at least 500 grams of cocaine on March 2, 2003. At trial, two of Smoot's co-conspirators testified about the conspiracy and also testified that they purchased a kilogram of cocaine from Smoot on both March 2 and March 3 of 2003 at Smoot's apartment. Smoot presented Latisha Bryant, his ex-girlfriend, as his only witness.

Bryant testified that on March 2, 2003, she spent the night at Smoot's apartment, and that they were alone the entire time. She further testified that Smoot spent March 3, 2003 at her apartment. Bryant relied on a personal calendar to refresh her memory; she testified that she had recorded where she spent the night on those dates in her calendar. On cross-examination, Bryant admitted that Smoot had asked her to serve as a witness. There were a number of inconsistencies in Bryant's testimony. She gave varying accounts

-2-

of when her relationship with Smoot began and ended, and although she remembered what happened in March 2003 in great detail, she was unable to recall the content of more recent conversations she had with Smoot after his arrest. In addition, she was unable to explain phone calls between her cell phone and a phone number used by Smoot on March 2, 2003 during the time that she claimed to be with him.

Before Bryant ever testified, Smoot's lawyer accurately proffered the content of her testimony and requested that the district court give the jury an alibi instruction. During the charge conference, Smoot's attorney admitted that Bryant could only provide an alibi for March 3, 2003, because Bryant's testimony would indicate that Smoot spent March 2, 2003 in his apartment. The district court declined to give the alibi instruction, finding that Smoot's presence was not required for the conspiracy charge and that the evidence did not provide an alibi for the substantive charge -- possession with intent to distribute on March 2, 2003.

The jury convicted Smoot of both the conspiracy and the substantive charge. At Smoot's sentencing hearing, he objected to the Presentence Report's recommendation that he receive an enhancement for obstruction of justice on the grounds that he suborned perjury when he asked Bryant to testify on his behalf. He argued that there was insufficient evidence to support a finding that Bryant perjured herself or that Smoot suborned perjury. The

district court overruled Smoot's objection, finding that Bryant's testimony was "preposterous" and "incredible" and that Smoot urged his lawyer to subpoena Bryant. Smoot's total offense level and criminal history resulted in an advisory guidelines range of 121 to 151 months. The district court sentenced Smoot to 136 months for each count, with sentences to run concurrently.

II.

Smoot alleges that the district court erred when it refused to give the jury an alibi instruction. We review a district court's decision not to give a requested jury instruction for abuse of discretion. See United States v. Hassouneh, 199 F.3d 175, 181 (4th Cir. 2000). "A district court's refusal to provide an instruction requested by a defendant constitutes reversible error only if the instruction: 1) was correct; 2) was not substantially covered by the court's charge to the jury; and 3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995) (quoting United States v. Camejo, 929 F.2d 610, 614 (11th Cir. 1991)) (internal quotation marks omitted). However, "as a threshold for applying this test, a defendant must present an adequate evidentiary foundation supporting the instruction." Id. at 33 n.8.

An alibi is "a defense that places the defendant at the relevant time of crime in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." Black's Law Dictionary 71 (6th ed. 1990); see also Holdren v. Legursky, 16 F.3d 57, 63 n.4 (4th Cir. 1994).

In this case, the indictment indicated that the conspiracy in question lasted for four years and involved at least seven participants. Smoot's presence at his apartment on March 2 and 3, 2003 was not a required element of the conspiracy, thus an alibi instruction for the conspiracy charge in this case would clearly have been inappropriate. See United States v. Lee, 483 F.2d 968, 970 (5th Cir. 1973) ("Since it was unnecessary for the government to have proved his presence, the alibi defense failed and no instruction concerning it was required.").

The substantive drug count charged Smoot with possession with intent to distribute 500 grams or more of cocaine "on or about March 2, 2003." The testimony of Smoot's co-conspirators indicated that the drug sales in question occurred at Smoot's apartment. Although Bryant's testimony offered Smoot a potential alibi for March 3, 2003, she testified that Smoot was at his apartment the night of March 2, 2003. Smoot admitted that Bryant did not provide an alibi for March 2 when he described her as "an alibi witness as to the 3rd and a present witness as to the 2nd." Because Smoot did not offer any evidence that he was not at his

-5-

apartment on March 2, 2003, we find that he has not established the evidentiary foundation required by <u>Lewis</u>, 53 F.3d at 33 n.8. Accordingly, the district court did not abuse its discretion in refusing to give Smoot's requested alibi instruction.

## III.

Smoot additionally contends that there was insufficient evidence to support the district court's finding that Smoot suborned perjury. The district court made this finding while calculating Smoot's advisory sentencing guidelines range; the court imposed a two level enhancement for obstruction of justice based on the finding. Post-<u>Booker</u>, we review sentences for reasonableness. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (2005). Smoot does not allege <u>Booker</u> error here; rather, he asserts that the district court's error in calculating the advisory guidelines range justifies vacating his sentence. We continue to review a district court's factual findings for clear error and legal interpretations of the guidelines <u>de novo</u>. <u>See</u> <u>United States v. Green</u>, --- F.3d ---, 2006 WL 267217 at *5, (4th Cir. 2006). A district court's error in calculating the advisory guidelines range will, in most cases, render the ultimate sentence unreasonable. <u>See</u> <u>id.</u> at *9.

The sentencing guidelines clearly contemplate that the act of suborning perjury qualifies a defendant for a two level obstruction of justice enhancement. <u>See</u> United States Sentencing Commission

-6-

Guidelines Manual § 3C1.1, application note 4 (2004).  Perjury requires a finding that a witness "testified 1) falsely, 2) as to a material fact, and 3) willfully in order to obstruct justice, not merely inaccurately as the result of confusion or a faulty memory." United States v. Cook, 76 F.3d 596, 605 (4th Cir. 1996) (internal quotation marks omitted).  Circuit precedent indicates that subornation of perjury requires that the "the suborner should have known or believed or have had good reason to believe that the testimony given would be false; that he should have known or believed that the witness would testify willfully and corruptly, and with knowledge of the falsity; and that he should have knowingly and willfully induced or procured the witness to give such false testimony."  Petite v. United States, 262 F.2d 788, 794 (4th Cir. 1959) (internal quotation marks omitted); see also 18 U.S.C. § 1622 (2000) (defining suborning perjury as procuring another to commit perjury).

In this case, the district court found that the jury discredited Bryant's testimony, and that Bryant "certainly was bound and determined to try to help [Smoot], to the extent of perjuring herself."  The inconsistencies in Bryant's testimony and the fact that the jury disbelieved her account of what happened on March 2 and 3 suffice to support the district court's finding that Bryant committed perjury.

The record also provides sufficient evidence to support the district court's conclusion that Smoot procured Bryant's testimony. Smoot knew the content of Bryant's testimony in advance because his counsel summarized Bryant's testimony for the court when he requested the alibi instruction. In addition, Bryant testified that Smoot asked her to testify on his behalf. These two facts indicate that Smoot knew Bryant would offer false testimony and that he persuaded her to give that testimony. Thus we conclude that the district court did not err in applying a two level obstruction of justice enhancement to Smoot's advisory guidelines range.

## IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.