[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10100
Non-Argument Calendar

_____

D. C. Docket No. 05-00036-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDOLPH WILLIAM ROBINSON,
a.k.a. Shug,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(July 16, 2007)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Randolph William Robinson appeals his convictions for conspiracy to

commit armed bank robbery, armed bank robbery, and using a firearm during a crime of violence. On appeal, Robinson argues that the district court abused its discretion by (1) excluding testimony as inadmissible hearsay, and (2) refusing to give a jury instruction on an alibi defense because the proffered alibi demonstrated that Robinson was not present during some of the conspiracy's overt acts.

I.

Robinson first argues that the district court abused its discretion by refusing to allow him to introduce testimony that the court determined was double-hearsay. Specifically, Robinson attempted to introduce testimony from his former attorney, William Nash, that another client, Quinton Perry, told Nash that Robinson's coconspirator made incriminating statements about his role in the offense that could have exculpated Robinson. Robinson argues that the double hearsay was admissible as a statement against his coconspirator's interest.

Upon review of the briefs and the record, we find that the district court did not abuse its discretion in determining that both the coconspirator's and Perry's statements were hearsay. Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay within hearsay, or so-called "double-hearsay," is admissible only if each part of the combined statements

conforms with an exception to the hearsay rule. Fed. R. Evid. 805. Both the coconspirator's statement to Perry and Perry's statement to Nash were made out of court. The record also reflects that Robinson was, in fact, offering these statements for the truth of the matter asserted—that is, he was ultimately hoping to establish that his coconspirator had a plan for the robbery, and that Robinson was not a part of that plan.

The district court also did not abuse its discretion in finding that the testimony did not qualify for a hearsay exception under Rule 804(b)(3). Rule 804(b)(3) provides that "[a] statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." Fed.R.Evid. 804(b)(3). For this rule to apply: "(1) the declarant must be unavailable; (2) the statement must be against the declarant's penal interest; and (3) corroborating circumstances must clearly indicate the trustworthiness of the statement." United States v. Jernigan, 341 F.3d 1273, 1288 (11th Cir. 2003) (citation omitted). Robinson's argument that McQueen's statement to Perry was excepted under Rule 804(b)(3) fails because he did not demonstrate that the witnesses were unavailable to testify. Further, as the district court correctly noted, Perry's statement to Nash does not qualify as a prior statement made by a witness under Rule 804(b)(1)

3

because Perry's previous statement was not made in a hearing or under oath.

Finally, considering that defense counsel was able to impeach Robinson's coconspirator using other means, and, in light of all the other evidence presented against Robinson, there was no reasonable likelihood that any potential error affected Robinson's substantial rights. United States v. Hands, 184 F.3d 1322, 1329 (11th Cir. 1999) (stating that there is no need to reverse a conviction if evidentiary error "had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict") (citation omitted). Accordingly, we cannot conclude that the district court erred in excluding the testimony.

II.

Robinson also argues on appeal that the district court abused its discretion by refusing to give the jury an alibi instruction. Robinson argues that he was located elsewhere at the time the bank robbery was committed, and therefore an alibi instruction was appropriate.

We have previously held that an alibi instruction was not necessary where the defendant was charged with conspiracy and the proffered alibi showed only that the defendant was not present at the time that one of the conspirators performed an overt act in furtherance of the conspiracy. United States v. Lee, 483 F.2d 968, 970 (5th Cir. 1973). Although Robinson presented alibi evidence

4

showing that he was not present during the bank robbery, the introduction of this evidence did not necessitate an alibi jury instruction because he could have been found guilty of the offense without being present for that particular overt act. Pinkerton v. United States, 328 U.S. 640, 645-48 (1946) (stating that the "overt act of one partner in [a conspiracy] is attributable to all"). Accordingly, we cannot conclude that the district court abused its discretion in failing to give the jury an alibi instruction.

    **AFFIRMED.**