# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-30588
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMAL DERRICK HUDSON, also known as Cali Hudson,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-171-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Jamal Derrick Hudson was convicted of several charges of conspiracy to commit access fraud and bank fraud, access device fraud and aiding and abetting, and bank fraud and aiding and abetting. The district court sentenced him to serve 116 months in prison and a five-year term of supervised release, and the district court also ordered that he pay restitution in the amount of $188,756.44.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30588

Proceeding pro se, Hudson now appeals his convictions and sentences, and he has also filed several motions with this court. We start with his claim that the district court erred by denying his motion to dismiss the charges against him as barred by the statute of limitations. He acknowledges the written waiver of limitations in the record but disavows it, contending that the signature on it purporting to be his was not in fact placed there by him and that the waiver is fraudulent. Although Hudson filed three motions to dismiss the charges in the district court, none of them raised this issue. Consequently, it is reviewed for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). He has not met this standard because this claim is based on no more than his own unsworn allegation that his signature on the waiver is not authentic, which does not establish a plain or obvious error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Additionally, our review of the record does not show that the Government intentionally delayed charging Hudson to gain some tactical advantage, nor has he shown that the delay resulted in actual, substantial prejudice to his defense. *See United States v. Avants*, 367 F.3d 433, 441 (5th Cir. 2004). Consequently, he has not shown that his due process rights were infringed by the delay in charging him.

Next, we consider Hudson's challenge to the district court's denial of his motion to suppress. When reviewing a denial of a motion to suppress evidence, we review the district court's factual findings for clear error and conduct a de novo review of its legal determinations. *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010). Hudson disputes the district court's factual determination that Alltel did not act as a Government agent when it intercepted telephone communications as part of its investigation into the

2

conspiracy underlying the charges against him.  *See United States v. Blocker*, 104 F.3d 720, 725 (5th Cir. 1997).

Hudson is correct insofar as he avers that we may consider the evidence admitted at trial when reviewing the propriety of the denial of the motion to suppress.  *See United States v. Jones*, 239 F.3d 716, 718 (5th Cir. 2001).  However, our review of the evidence both confirms the district court's conclusion that Alltel did not act as a Government agent and refutes Hudson's assertion that the Government withheld cell phone tower records.

Our review of the record likewise shows that the evidence is sufficient to uphold Hudson's convictions and that the convictions are not a manifest miscarriage of justice.  *See United States v. Davis*, 690 F.3d 330, 336 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1283 (2013).  Hudson does not argue that the evidence adduced at trial failed to establish the elements of the offenses with which he was charged.  Instead, he contends that his convictions should be overturned because there was no physical evidence to show that he committed the charged crimes and because his own testimony proved his innocence.  In essence, he asks us to overturn the jury's determination that he was not credible and that his testifying coconspirators were.

The jury is wholly responsible for weighing the evidence and assessing witness credibility.  *United States v. Powell*, 732 F.3d 361, 375 & n.14 (5th Cir. 2013).  Testimony will be discredited only if it "relates to facts that the witness could not possibly have observed or to events which could not have occurred under the laws of nature." *United States v. Green*, 180 F.3d 216, 221-22 (5th Cir. 1999) (internal quotation marks and citations omitted).  This standard has not been met in this case.  Although Hudson denied everything and testified that the other witnesses were lying, the jury was not obligated to believe him.  It is inappropriate for this court to consider whether the jury erred by rejecting

No. 12-30588

Hudson's version of events.  *See Powell*, 732 F.3d at 375 n.14.  This case "was largely a swearing contest" that Hudson lost, and we are "not inclined to interfere with the jury's decision about witnesses' credibility when that issue was so squarely set before it."  *See United States v. Doke*, 171 F.3d 240, 243 (5th Cir. 1999).

Too, Hudson contends that the district court erred by not giving his requested alibi instruction, which he avers was needed to support his testimony that he had never met his alleged coconspirators.  We review the district court's denial of a requested jury charge for an abuse of discretion.  *United States v. Laury*, 49 F.3d 145, 152 (5th Cir. 1995).  The district court did not abuse its discretion by concluding that the requested charge was inappropriate because the charged offenses could be committed by one who was not physically present when the underlying acts were accomplished.  *See United States v. Lee*, 483 F.2d 968, 970 (5th Cir. 1973).  Hudson's argument that his right to a public trial was infringed when the trial judge held proceedings on Veterans Day was waived because it was not raised in the district court.  *See United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006).  Accordingly, we will not consider it.

Also at issue in this appeal are several of the district court's evidentiary rulings.  In a criminal case, we review a district court's decision to admit or exclude evidence under a heightened abuse of discretion standard.  *United State v. Garcia*, 530 F.3d 348, 351 (5th Cir. 2002).  An abuse of discretion occurs when the disputed ruling is grounded in a clearly erroneous factual finding or a legal error.  *Id*.

Our review of the record shows no abuse of discretion in connection with the district court's decision to permit the Government to adduce summary evidence.  The disputed exhibit summarized voluminous documents that were

4

integral to the case, and the summary witness's testimony helped explain it to the jury. *See United States v. Whitfield*, 590 F.3d 325, 364-65 (5th Cir. 2009); FED. R. EVID. 1006. Hudson's assertions that the prosecution should not have been permitted to use a summary witness because the phone companies did not authorize this witness to represent them, because the witness was not an Alltel employee at the time of trial, and because the witness was not the custodian of the records underlying his testimony do not show an abuse of discretion regarding the district court's decision to permit the introduction of summary evidence.

Likewise unavailing are Hudson's challenges to the admission of recordings of several phone conversations. His hearsay argument lacks merit because "[s]tatements made between co-conspirators in furtherance of a conspiracy are not testimonial." *See United States v. Alaniz*, 726 F.3d 586, 608 (5th Cir. 2013) (internal quotation marks and citation omitted). His argument that the recordings were hearsay that should not have been admitted gains no traction because "[h]earsay problems are not a concern if the jury believes that the defendant was one of the participants in the conversation; any statements he made would be admissible as a statement of a party opponent." *See United States v. Thompson*, 130 F.3d 676, 683 n.7 (5th Cir. 1997); FED. R. EVID. 801(d)(2). Hudson's conclusional assertion that the recordings were "doctored" also shows no abuse of discretion in connection with the district court's decision to admit them. Hudson's argument that he should have been permitted to testify concerning his military service is unavailing because this issue was not relevant to the charges against him. *See* FED. R. EVID. 404(b). Because the claims discussed above are not worthy of relief, Hudson's cumulative error argument fails. *See Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996).

We decline to consider Hudson's claim that his first attorney rendered ineffective assistance by not moving to dismiss the charges against him on limitations grounds because this claim was not presented to the district court. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006). Similarly, we decline to consider his Double Jeopardy argument because it was presented for the first time in his reply brief. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

Next, we analyze Hudson's challenges to his sentence. He argues that the district court erred by determining that his offense involved 50-250 victims, that it involved sophisticated means, and that he obstructed justice. Additionally, he argues that his sentence is unreasonably harsh because he is innocent, because other defendants who caused greater losses and committed more heinous crimes got lesser sentences, and because he is a veteran, husband, and father.

We review sentences under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we ensure that the district court committed no significant procedural error, such as failing to properly calculate the Guidelines range, treating the Guidelines as mandatory, or failing to consider the § 3553(a) sentencing factors. *Id.* If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence. *Id.* A district court's interpretation and application of the Guidelines are reviewed de novo, and its factual findings are reviewed for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Our review of the record and pertinent authority shows no clear error in connection with the district court's conclusions concerning the number of victims, obstruction of justice, and sophisticated means. *See United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009); *United States v. Conner*, 537 F.3d 480,

492 (5th Cir. 2008); *United States v. Pofahl*, 990 F.2d 1456, 1481 (5th Cir. 1993). Hudson's arguments that his sentence is unduly harsh amount to no more than a disagreement with the district court's weighing of the pertinent sentencing factors and the propriety of the sentence imposed. These contentions do not suffice to show error in connection with his sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Hudson also challenges his restitution order, arguing that it is improper because Verizon did not submit an affidavit and because it does not take into account his circumstances and obligations. The district court did not err by ordering restitution. *See* 18 U.S.C. § 3663A(c)(1)(A)(ii); *United States v. Espinoza*, 677 F.3d 730, 732 (5th Cir. 2012). Our review of the record also shows that the district court considered the pertinent factors when setting the schedule of payments. *See United States v. Arledge*, 553 F.3d 881, 900 (5th Cir. 2008).

Hudson's myriad arguments do not show that he should receive relief from his convictions and sentences. Accordingly, the judgment of the district court is AFFIRMED. All outstanding motions are DENIED.